UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) Criminal No. 1:23cr00030-8 | |
| v. ) | |
| ) **REPORT AND** | |
| **APRIL RENAE MANESS,** ) **RECOMMENDATION** | |
| Defendant. ) | |

### I.  Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II. Facts

The defendant has been charged in a two-count Indictment. On March 11, 2024, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Indictment, charging her with conspiracy to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).

At this hearing, the defendant was placed under oath and testified that she is 43 years old and that she had graduated from high school. She further testified that

she reads and writes the English language.

The defendant testified that she had a history of mental health problems and/or treatment, including previously being diagnosed with and treated for schizoaffective disorder, major depression, anxiety, bipolar disorder, social phobias, attention deficit hyperactivity disorder and post-traumatic stress disorder. The defendant testified that she had a long history of polysubstance abuse, including abusing alcohol, methamphetamine and marijuana. The defendant stated that she had not used any of these drugs since approximately six months before her arrest in December 2023. She further stated that her mental health problems, her prior drug abuse and/or her lack of treatment did not currently affect her ability to understand the nature of the proceedings or the consequences of pleading guilty. She also testified that she was not under the influence of any drug, medication or alcoholic beverage. Defense counsel stated that he had no reason to suggest that the defendant was not competent to enter her plea.

The defendant stated that she was fully aware of the nature of the charge against her and the consequence of pleading guilty to that charge. The defendant was advised in open court of the charge contained against her in the Indictment.  She testified that she had fully discussed the charge, and her case in general, with her counsel. She also testified that she had read the Plea Agreement in its entirety, and she had discussed the Plea Agreement with her counsel before signing the Agreement.  She stated that she understood the terms of the Plea Agreement and that the document presented to the court set forth her agreement with the Government in its entirety. The defendant specifically testified that she understood

that, under the terms of the Plea Agreement, she was waiving any right to directly appeal or collaterally attack her conviction and sentence, insofar as she may legally do so.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to her in an effort to induce her plea.  The defendant testified that she understood that the offense with which she is charged is a felony and that, if her plea is accepted, she will be adjudged guilty of the offense and that this adjudication may deprive her of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that she understood that the offense with which she is charged is a drug offense and that, if her plea to this charge is accepted, she will be adjudged guilty of the offense and that this adjudication will make her ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum penalties provided by law for the offense with which she is charged.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.  The defendant testified that she and her counsel had discussed how the Sentencing Guidelines might apply in her

case. The defendant also testified that she understood that the court would not be able to determine the guideline sentence for her case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated she understood that, after the applicable guideline range was determined, the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. She stated she understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. She stated she understood that the eventual sentence imposed may be different from any estimate her attorney, the U.S. Attorney's Office or the U.S. Probation Office has given her. The defendant stated she knew that parole had been abolished and that, if she is sentenced to prison, she will not be released on parole and will serve her full term of imprisonment.

The defendant stated she was stipulating that the following Sentencing Guidelines should apply to her case:

Section 2D1.1(c)(6) for a base Offense Level of 28 based on at least 350 grams but less than 500 grams of methamphetamine.

The defendant also testified she understood that she had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if her guilty pleas are accepted:

–4–

    i.      The right to plead not guilty to any offense charged against her;
    ii.     The right at trial to be presumed innocent and to force the Government to prove her guilt beyond a reasonable doubt;
    iii.    The right of assistance of counsel;
    iv.    The right to see, hear and cross-examine witnesses;
    v.     The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
    vi.    The right to decline to testify unless she voluntarily elected to do so in her own defense.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. She stated that she had no complaints whatsoever regarding her attorney's representation. The defendant also testified that she understood the possible consequences of her plea and asked the court to accept her plea of guilty to Count One of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

    At times relevant to the Indictment, the defendant, April Renae Maness, ("Maness"), knowingly conspired with others, including Marcos Adrian Martinez Rodriguez, ("Rodriguez"), to possess with intent to distribute and distribute a mixture or substance containing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

    During the times relevant to the Indictment, Rodriguez operated a methamphetamine distribution ring in Lexington, North Carolina, and

the surrounding areas, and Rodriguez's dealer network reached into the Western District of Virginia. Rodriguez regularly obtained methamphetamine in quantities ranging from ounces up to a kilogram.

After Rodriguez obtained methamphetamine from his supplier(s), he provided quantities of methamphetamine to various subdistributors for resale or delivery. During the relevant time, those subdistributors included Maness and Johnie Zeke Derose. In addition to selling Rodriguez's methamphetamine, Maness helped Rodriguez weigh and repackage quantities of methamphetamine, (e.g., quantities up to and including one-pound), so that it could be provided in smaller quantities to end-users and subdistributors.

After the Government presented its summary of this evidence, the defendant stated that she agreed the Government could present this evidence at trial. The defendant had no dispute with or objection to the Government's summary of its evidence, and she admitted that the facts presented were true and accurate.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charge and the consequences of her plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to

      Counts One of the Indictment; and

4.     The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count One of the Indictment and adjudge her guilty of that offense.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   This 11th day of March, 2024.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE